# UNITED STATES DISTRICT COURT FOR THE
# NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| NANCY B. SCHEFFLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | Case No. 11-CV-0760-CVE-TLW |
| ) | |
| AMERICAN REPUBLIC INSURANCE ) | |
| COMPANY, ) | |
| ) | |
| ) | |
| Defendant. ) | |

## OPINION AND ORDER

Now before the Court are Defendant's Motion to Dismiss Plaintiff's Bad Faith Claim and Brief in Support (Dkt. # 10) and Plaintiff's Unopposed Motion for Leave to Amend Complaint (Dkt. # 17). Defendant argues that plaintiff's bad faith claim is based solely on conclusory allegations and that plaintiff has failed to allege any factual basis for her claim. Plaintiff opposes the motion (Dkt. # 16). In the event that the Court grants defendant's motion, plaintiff requests that the Court allow her to amend the complaint.

## I.

Plaintiff alleges that, on June 2, 1997, defendant issued a life insurance policy to plaintiff's late husband with a maximum death benefit of $300,000. Plaintiff sates that she is the named beneficiary under the policy. Plaintiff's husband died on March 29, 2011 due to carbon monoxide exposure. Plaintiff alleges that defendant was timely notified of plaintiff's husband's death and of plaintiff's claim for benefits under the life insurance policy. Plaintiff states that she has cooperated with defendant by providing all information necessary to enable defendant to investigate the claim.

Plaintiff alleges that defendant has not paid the life insurance proceeds and has failed to provide a reasonable explanation for its delay and/or refusal.

On December 6, 2011, plaintiff filed this action alleging two claims for relief: (i) breach of contract for failure to pay benefits; and (ii) breach of the duty of good faith and fair dealing. Defendant moves to dismiss only the second claim, and has filed an answer in response to the breach of contract claim.

## II.

In considering a motion under Rule 12(b)(6), a court must determine whether the claimant has stated a claim upon which relief may be granted. A motion to dismiss is properly granted when a complaint provides no "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and the factual allegations "must be enough to raise a right to relief above the speculative level." Id. (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." Id. at 562. Although decided within an antitrust context, Twombly stated the pleadings standard for all civil actions. See Ashcroft v. Iqbal, 556 U.S. 662 (2009). For the purpose of making the dismissal determination, a court must accept all the well-pleaded allegations of the complaint as true, even if doubtful in fact, and must construe the allegations in the light most favorable to claimant. Twombly, 550 U.S. at 555; Alvarado v. KOB–TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007); Moffett v. Halliburton Energy Servs., Inc., 291 F.3d 1227, 1231 (10th Cir. 2002). However, a court need not accept as true those allegations that are conclusory in nature. Erikson v. Pawnee Cnty. Bd. Of Cnty. Com'rs, 263 F.3d 1151, 1154-

55 (10th Cir.2001). "[C]onclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." Hall v. Bellmon, 935 F.3d 1106, 1109-10 (10th Cir. 1991).

### III.

Defendant argues that plaintiff's "claim for breach of the duty of good faith and fair dealing is an example of the use of conclusory allegations, unsupported by factual averments, that are insufficient to survive a motion to dismiss" pursuant to the standard articulated by the Supreme Court in Twombly and Iqbal. Dkt. # 10 at 3. The Tenth Circuit has recently reiterated its interpretation of the Twombly/Iqbal standard. In Khalik v. United Air Lines, -- F.3d --, 2012 WL 364058 (10th Cir. Feb. 6, 2012), the Tenth Circuit stated that "the Twombly/Iqbal standard is a middle ground between heightened fact pleading, which is expressly rejected, and allowing complaints that are no more than labels and conclusions or a formulaic recitation of the elements of a cause of action, which the Court stated will not do." Khalik, 2012 WL 364058, at *2 (internal quotations omitted). In determining whether plaintiff has set forth a plausible claim, the Tenth Circuit stated that it is helpful to examine the elements of the alleged cause of action. Id. at *3. It is against this backdrop that the Court must consider the sufficiency of the complaint.

Under Oklahoma law, "an insurer has an implied duty to deal fairly and act in good faith with its insured." Christian v. Am. Home Assurance Co., 577 P.2d 899, 904 (Okla. 1977). Violation of this duty gives rise to an action in tort. Id. "The essence of the tort of bad faith, as it is recognized in Oklahoma, is the unreasonableness of the insurer's actions." Conti v. Republic Underwriters Ins. Co., 782 P.2d 1357, 1360 (Okla. 1989). The Oklahoma Supreme Court and the Tenth Circuit have made clear that an insurer does not subject itself to a claim of bad faith merely

3

by disputing coverage. "The insurer does not breach the duty of good faith by refusing to pay a claim or by litigating a dispute with its insured if there is a 'legitimate dispute' as to coverage or amount of the claim, and the insurer's position is 'reasonable and legitimate.'" Thompson v. Shelter Mut. Ins., 875 F.2d 1460, 1462 (10th Cir. 1989) (citing Manis v. Hartford Fire Ins. Co., 681 P.2d 760, 762 (Okla. 1984)).

To make a prima facie case against an insurance company for bad faith delay in payment, a plaintiff must establish:

> (1) claimant was entitled to coverage under the insurance policy at issue; (2) the insurer had no reasonable basis for delaying payment; (3) the insurer did not deal fairly and in good faith with the claimant; and (4) the insurer's violation of its duty of good faith and fair dealing was the direct cause of the claimant's injury. The absence of any one of these elements defeats a bad faith claim.

Toppins v. Minn. Life Ins. Co., No. 11-5062, 2012 WL 313612, at *2 (10th Cir. Feb. 2, 2012) (unpublished)[1] (citing Beers v. Hillory, 241 P.3d 285, 292 (Okla. Civ. App.2010)). Plaintiff has the burden of proof. McCorkle v. Great Atlantic Ins. Co., 637 P.2d 583, 587 (Okla. 1981).

"While Plaintiff is not required to set forth a prima facie case for each element [in her complaint], she is required to set forth plausible claims." Khalik, 2012 WL 364058, at *4. Plaintiff's complaint contains only general assertions of bad faith, without any details of events leading up to the filing of the complaint. Plaintiff alleges that defendant acted in bad faith by: "A. Failing to promptly investigate Plaintiff's claim; B. Delaying payment to the Plaintiff; C. Intentionally misreading or misconstruing the insurance policy; D. Imposing burdensome documentation demands not required by the facts of the claim or the policy; and E. Other acts or

---

[1] Unpublished decisions are not precedential, but may be cited for their persuasive value. See Fed. R. App. P. 32.1; 10th Cir. R. 32.1.

omissions to be determined in discovery." Dkt. # 1 at 3. Each of these allegations is conclusory and is not entitled to the assumption of truth. Plaintiff has not set forth a single factual allegation in support of these conclusory statements. "While specific facts are not necessary, some facts are." Khalik, 2012 WL 364058, at *4.

Plaintiff argues that she cannot more specifically allege defendant's bad faith conduct because "only the Defendant knows how it handled Plaintiff's claim." Dkt. # 16 at 4. However, plaintiff should at least have knowledge of certain details that she could properly plead to satisfy the plausibility requirement. For instance, plaintiff should know when she filed her claim for life insurance benefits. She should know what information she sent to defendant and what communications, if any, she received in return. She should know the basis defendant gave her for not paying the claim and why she believed that basis to be unreasonable. She should know what allegedly burdensome documentation demands were imposed by defendant. She should know how she construes the policy and should have some factual basis on which to allege that defendant has misconstrued the policy. However, plaintiff has offered none of these facts. Plaintiff's bad faith claim is based solely on the fact that she was not paid the insurance proceeds under the policy. Without more, her bad faith claim is not plausible under the Twombly/Iqbal standard. See Khalik, 2012 WL 364058, at *5.

**IT IS THEREFORE ORDERED** that Defendant's Motion to Dismiss Plaintiff's Bad Faith Claim and Brief in Support (Dkt. # 10) is **granted**.

**IT IS FURTHER ORDERED** that Plaintiff's Unopposed Motion for Leave to Amend Complaint (Dkt. # 17) is **granted.** Plaintiff shall file her amended complaint by **February 27, 2011.**

**DATED** this 23rd day of February, 2012.

CLAIRE V. EAGAN, CHIEF JUDGE
UNITED STATES DISTRICT COURT